United States Courts
Southern District of Texas
FILED

MAY 21 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____Houston_____ DIVISION

Randall S. Johnson

versus

Railroad Commission Of Texas
1701 N. Congress
Austin, Texas 78701

CIVIL ACTION NO. 19-1827

# EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is: Randall S. Johnson

   Address: 18803 Cove Mill Lane

   Cypress, Texas 77433

   County of Residence: Harris

3. The defendant is: Railroad Commission Of Texas

   Address: 1701 N. Congress

   Austin, Texas 78701

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. The plaintiff has attached to this complaint a copy of the charges filed on 10/09/2017 with the Equal Opportunity Commission.

5. On the date of 02/28/2019, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

(a) ☐ race

(b) ☐ color

(c) ☒ sex

(d) ☐ religion

(e) ☐ national orgin,

the defendant has:

(a) ☐ failed to employ the plaintiff

(b) ☐ terminated the plaintiff's employment

(c) ☐ failed to promote the plaintiff

(d) ☒ other: Defendant has discriminated against Plaintiff in both age and sex under Title VII Age Discrimination Act and the Equal Pay Act both Right To Sue Letters attached

7. When and how the defendant has discriminated against the plaintiff:

Defendant willfully paid male and female employees under 40 years of age significnatly more salary than Plaintiff who is over forty years of age and male while doing the same or simillar work. See the attached 6 pages, original EEOC charge and information.

8. The plaintiff requests that the defendant be ordered:

(a) ☐ to stop discriminating against the plaintiff

(b) ☐ to employ the plaintiff

(c) ☐ to re-employ the plaintiff

(d) ☐ to promote the plaintiff

(e) ☒ to <u>Pay Plaintiff back pay from 2014 to 2018 equal to that paid to the younger employees and to compnestae plaintiff for the difference in annuity Plaintiff would have received.</u> and that;

(f) ☒ the Court grant other relief, including injunctions, damages, costs and attorney's fees.

_(signature)_
(Signature of Plaintiff)

Address: 18803 Cove Mill Lane

Cypress, Texas 77433

Telephone: 281-758-9587

Plaintiff has provided copies of the Complaint and Right To Sue Letters to the Railroad Commission Of Texas lead counsel Vanessa Burgess along with the request for Waiver to Serve a Summons via email and U.S. Postal certified mail mail sent to Railroad Commission Of Texas mailing address P.O. Box 12967. Austin, Texas 78711-2967 both sent on 05/21/2019.

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Randall Johnson<br>18803 Cove Mill Lane<br>Cypress, TX 77433 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2018-00194 | Vernon M. Gardner, Jr.,<br>Investigator | (713) 651-4938 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_for_ Rayford O. Irvin,
District Director

2/28/2019
(Date Mailed)

Enclosures(s)

cc: Robbi Craig
Director of Human Resources
RAILROAD COMMISSION OF TEXAS
1701 N Congress Avenue
Austin, TX 78701

TWC- Civil Rights Division
101 E. 15th Street, Rm. 144-T
Austin, TX 78778-0001

Randall Johnson
18803 Cove Mill Lane
Cypress, TX, 77433


Re:   Randall Johnson v. Railroad Commission of Texas
      Charge No.: 460- 2018-00194

Dear Mr. Johnson:

You filed the above referenced charge of employment discrimination on October 21, 2017 and raised an allegation under the Equal Pay Act (EPA). **Under the EPA, a civil suit must be filed within two years after the date of any alleged discriminatory act occurred or within three years if the employer willfully violated the act.** These time limits apply regardless of whether the Commission has finished its investigation.

The Commission has concluded its investigation and we are informing you of the approaching filing deadline. Your time for filing a civil action is quickly approaching. In order for you to file suit before the expiration of the two-year statute of limitation, you would have to file on or about October 21, 2019. Other factors or circumstances could affect this filing deadline. **So please seek legal counsel immediately, if you wish to pursue this matter any further.** The Commission's decision to conclude the investigation does not indicate that your charge or the employer's actions were valid.

Enclosed, please find a signed **DISMISSAL AND NOTICE OF RIGHT TO SUE**. It appears at this time, you have less than 240 days to file a private suit in federal or state court in order to meet the two year statute of limitations. This concludes the EEOC's investigative processing of this charge.


                                        Sincerely,
                                        Vernon M. Gardner Jr.

                                        Digitally signed by Vernon M. Gardner Jr.
                                        DN: cn=Vernon M. Gardner Jr., o=HDO, ou=EEOC,
                                        email=Vernon.gardner@eeoc.gov, c=US
                                        Date: 2019.02.21 11:33:11 -06'00'

_____              _____
Date                                Vernon M. Gardner Jr.
                                    Federal Investigator



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.**

1. **Personal Information**
Last Name: Johnson   First Name: Randall   MI: S.
Street or Mailing Address: 18803 Cove Mill Lane   Apt Or Unit #: N/A
City: Cypress   County: Harris   State: Texas   ZIP: 77433
Phone Numbers: Home: ( ) None   Work: (713) 869-5001
Cell: (832) 247-3693 "Best"   Email Address: Kahuna2@att.net (all lower case)
Date of Birth: 01-26-1954   Sex: Male [X]   Female [ ]   Do You Have a Disability? [ ] Yes [ ] No
**Please answer each of the next three questions.**   i. Are you Hispanic or Latino? [ ] Yes [X] No
ii. What is your Race? Please choose all that apply.   [ ] American Indian or Alaska Native   [ ] Asian   [X] White
[ ] Black or African American   [ ] Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? America

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**
Name: N/A   Relationship:
Address:   City:   State:   Zip Code:
Home Phone: ( )   Other Phone: ( )

2. **I believe that I was discriminated against by the following organization(s):** (Check those that apply)
[X] Employer   [ ] Union   [ ] Employment Agency   [ ] Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here [ ] and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**
Organization Name: Railroad Commission Of Texas (The address is for my District office, Not The Main Office In Aust.)
Address: 1706 Seamist Drive, Ste. 501   County: Harris
City: Houston   State: TX   Zip: 77008   Phone: (713) 869-5001
Type of Business: Oil & Gas Regulators   Job Location if different from Org. Address:
Human Resources Director or Owner Name: Maria Blanco   Phone: 713-869-5001
**Number of Employees in the Organization at All Locations**: Please Check (√) One
[ ] Fewer Than 15   [ ] 15 - 100   [ ] 101 - 200   [ ] 201 - 500   [X] More than 500

3. **Your Employment Data** (Complete as many items as you can)   Are you a Federal Employee? [ ] Yes [X] No
Date Hired: 11-18-2008   Job Title At Hire: Engineering Specialist II
Pay Rate When Hired: $42,500.00/yr.   Last or Current Pay Rate: $51,550.00/yr.
Job Title at Time of Alleged Discrimination: Not Sure Eng II or III   Date Quit/Discharged: N/A
Name and Title of Immediate Supervisor: Director RRC Houston District Office, Peter Fisher

Pg 1 of 6

Please See attached Additional Responses for Pg 2 & 3 #'s 5, 6, 7, 12 & 13 RS

2

If Job Applicant, Date You Applied for Job __N/A__ Job Title Applied For __N/A__

4. **What is the reason (basis) for your claim of employment discrimination?**
*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☒ Age  ☒ Disability (if possible In My Case)  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; choose which type(s) of genetic information is involved:

☐ i. genetic testing  ☐ ii. family medical history  ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: __N/A__

If you checked genetic information, how did the employer obtain the genetic information? __N/A__

Other reason (basis) for discrimination (Explain). _____

5. **What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 - Discharged by Mr John Soto, Production Supervisor)*

A) Date: I found out in July 2017  Action: In my office, 2 others, young people fresh out of school are being paid 10% to 20% more

Name and Title of Person(s) Responsible: The Upper Level Management at the RRC of Texas

B) Date: _____  Action: _____

Name and Title of Person(s) Responsible: _____

6. **Why do you believe these actions were discriminatory? Please attach additional pages if needed.**

I'm 63 - The 2 named people under 30 yr of age whom I helped Train are being paid 10% & 20% more than me. This is going on Agency Wide. See attached details

7. **What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?**

I spoke only to my District Director Pete Fisher who made odd non-sensical excuses.  See attached details

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Audrey Kuklenz | White, female, 28?, USA | Engineering Specialist II |
| Description of Treatment | Paid ≈ 37.5% more than myself & other older employees | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| Derrick Foster | White, Male, 29?, USA | Engineering Specialist II |
| Description of Treatment | The RRC Has Chosen To Pay They Individuals 15% To 20% More Salary Than Me (I'm 63) Even Though I helped Train Them and hold The Same or higher Pos. Tec. Do similar work. | | |

Pg. 2 of 6 Rs.

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Hutton Motu | White, Male, USA, 70yrs, Crippled | Engineering Specialist I |
| Description of Treatment | Being Paid 20+% to 42% less - even less then me | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| | White, Male, USA, 70yrs, etc  RSI 10- | |
| Description of Treatment | | |

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| See attached response pg | | |
| Description of Treatment | | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| | | |
| Description of Treatment | | |

Answer questions 9-12 **only** if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
   - [X] Yes, I have a disability
   - [ ] I do not have a disability now but I did have one
   - [ ] No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

In my case it may have played a role. I'm partly deaf and have been openly criticized for it and burdened by superiors because of it.

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?

Yes [ ]  No [X]

If "Yes," what medication, medical equipment or other assistance do you use?

12. Did you ask your employer for any changes or assistance to do your job because of your disability?

Yes [X]  No [ ]

If "YES", when did you ask? repeatedly over the years   How did you ask (verbally or in writing)? Verbally, email

Who did you ask? (Provide full name and job title of person)

Assistant Directors Guy Grossman, Ron Smelly, and current Peter Fisher and Assistant Director Guipiero others - They changed over the last 9 years

Describe the changes or assistance that you asked for:

That they let me know if I'm too loud while on the phone or in conversation situations so I could know and lower my volume of speech - This is the main issue

How did your employer respond to your request?

Assistant forcefully made by saying yes, but moving me out of the office to a field position where I'm on my own not interacting a lot with others

pg 3 of 6   RSF

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| See Attached Additional Response | | |

What do you believe this person will tell us?

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| | | |

What do you believe this person will tell us?

14. Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

15. If you have filed a complaint with another agency, provide name of agency and date of filing:

N/A

16. Have you sought help about this situation from a union, an attorney, or any other source?   Yes ☐   No ☒
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights.** If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

Box 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____          10-09-17
Signature                                          Today's Date

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Additional responses: Randall Johnson EEOC Complaint

Pg. 2, #5;
Near the end of July 2017 I found out that younger more recently hired individuals, one male one female, in our district office were receiving and had been receiving pay higher then mine and others in the same and/or similar position. Their rate of pay was 15% to 37.5 % higher then those of us that are employees older then 40 years. These younger individuals were hired fresh from college in their late twenties and with little or no relevant experience and both were trained by longer term employees that are older then 40 years of age. I discovered the pay difference by going to a website I'd learned about whereby by the Texas State Comptrollers Office provides state employees salaries. I do not know if the higher pay started the day of hire or soon after or just how many years this has gone on. These two younger employees were hired at our office under then District Director (DD) Charles Teaque and Assistant Director (AD) Peter Fisher. Fisher is now our DD and Mr. Teaque is retired. Of course, all hiring, pay, and promotions have to be authorized by our headquarters upper management and human resources in the Austin District Office..
I spoke with our current DD Peter Fisher about this. Mr. Fosher at first denied it and then once I proved it he made various excuses and did not acknowledge that the Federal Equal Pay Act (EPA) was being violated. I even brought this up at a general office meeting at which members of human resources from Austin were there and none offered to look into it or assist me in resolving this.
I have also spoken with other district office employees who say the same thing is going on in there offices. Unfortunately no one is willing to come forward due to the fear of retribution in the form of being fired. This has happened many times over these types of situations as the Railroad Commission of Texas (RRC) the agency we work for, has no issue with firing someone expecting they go away or if not then letting the lawyers decide their fate.
The other elder employees like me say they will come forward if I do not get fired and that they will then testify and go on record.
Also, in my case alone the fact that I'm partly deaf (having been born with a hearing impairment) may have played a part in my being discriminated against.
Please note that it is possible that the RRC and maybe all Texas State Agencies have made a decision to pay older employees less then younger new hires regardless of the laws. The incentive for them to do this is to prop up the retirement fund. Older retirees being paid less draw lees when they retire. Younger new hires being paid more also pay more into the retirement fund thereby keeping the fund solvent for much longer. It is possible.

Pg. 2, #6;
This is a clear violation of the Equal Pay Act (EPA) younger twenty something new hires being paid 15% to 37.5% more then older over 40 (most in their 60's) employees. It worse that we older employees trained the new younger employees teaching them, all they know. Even DD Peter Fisher doesn't deny that fact.

Pg. 2, #7; DD Peter Fisher gave no good reason for the pay differences. He made excuses and denied the RRC was violating the Federal EPA regulations and warned me not to pursue this.

Pg. 3, # 12;
Repeatedly over the last 9 years that I've worked at this office I have asked the DDs and ADs Guy Grossman, Ron Smelly, Gil Bujano, Charles Teaque and Peter Fisher (lots of change over 9 years) to let me know if I'm talking to loud on the phone or in the office. Prior to Mr. Teaque and Fisher this was never a problem. When they became DD and AD I was forcefully moved to a field position out of the office given the choice to be fired or take this position. This was done against the written policy in the personnel manual. I later heard from other office employees it was partly due to me being to loud in the office.

Pg. 4, #13;
It appears almost everyone in our District Office is aware of the pay violations and most know about my being deaf and how it may have played a role regarding me. I know of some in other District Offices that will testify once the see that I have not been fired for filing this, they will come forward.
For the management at the RRC as a whole, all upper management has to know as they have to approve all pay for the local DD and AD to the Executive DD and Ad in Austin and human resources in Austin. I was told by one upper level manager (no longer at the RRC) who will not ever come forward the following; four years ago when oil was still $120.00 a barrel and the RRC could not get anyone to hire on (to much pay in the oil field) the decision was made to pay higher salaries to get new blood on regardless that they were making more then current employees in the same positions. I do not doubt this person but respect their wish to remain undisclosed. But, a simple (for the EEOC) check through the Texas State Comptrollers office could verify this.

*[signature]*    10-09-17

pg. 5 of 6

Additional Information:

<u>**Randall S. Johnson**</u>
    Plaintiff
    V.
<u>**Railroad Commission Of Texas (RRC)**</u>
    Defendant

In Defendant's Position Statement, their response to Plaintiffs EEOC ADEA and EPA charges and noted therein by Plaintiff and EEOC, was that another female employee also under the age of 40 years was being and had been paid more than Plaintiff for five years. In this same document the Defendant purposely left out one an entire group of employees pertinent to the EEOC charges and that were named in the EEOC charges and which are in the same State of Texas Classification Plan that the RRC must comply with.

On 09/01/2018 the Defendant willfully paid a male employee under the age of 40 years more salary than Plaintiff. The employee was fresh out of college and had no relevant experience. The current RRC Director, Houston Office, agreed that employee again was trained almost entirely by Plaintiff and was still learning from Plaintiff. This was done while the EEOC investigation was still proceeding. The Plaintiff provided the additional proof for the charge, which was noted and added to the case file.

The current RRC Director, Houston Office, where Plaintiff has worked since becoming employed by the RRC, has made derogatory and discriminatory statements regarding older employees.

The current RRC Director, Houston Office, when asked to explain the discrepancy in salaries, has repeatedly and falsely stated to Plaintiff and others that they are worth the salary and were making the same salary once the truck provided by the RRC was taken into account by Plaintiff and others. This would be true if the truck was used only to go from home to work and back, which it is not, and not needed to perform the required job functions.

There are no Relevant Other Factors such as education or experience to explain the salary discrepancies. In each case the employees being paid higher salaries than Plaintiff were under 40 years of age (most in their late 20's), fresh out of college with B. S. degrees and each had little or no relevant work experience for the jobs they were hired to do. Except for the other female employee noted earlier from a different office each was trained almost solely by Plaintiff.

*[signature]*
5-21-19